# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs February 12, 2010

## JEFFREY ALLEN WELTY v. KIMBERLY DAWN WELTY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002694-06      Kay S. Robilio, Judge**

**No. W2009-00921-COA-R3-CV - Filed May 5, 2010**

Defendant appeals the trial court's order denying her motion to transfer the case based on the relocation of the parties. We dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Jeffrey Jones, Bartlett, Tennessee, for the appellant, Kimberly Dawn Welty.

Jeffrey Allen Welty, *Pro Se*.

## MEMORANDUM OPINION[1]

This appeal arises from a divorce action. Jeffrey Allen Welty (Mr. Welty) and Kimberly Dawn Welty (Ms. Welty) were married in May 2004 in Hardin County. In December 2005, Ms. Welty left the marital home and returned to her parents' home in Milan, Tennessee. In January 2006, the parties' minor child was born and in May 2006, Mr. Welty filed a complaint for divorce in the Circuit Court for Shelby County. In his complaint, Mr. Welty asserted irreconcilable differences

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and inappropriate marital conduct as grounds for divorce. Ms. Welty filed an answer and counter-claim in October 2006. In her counter-complaint, Ms. Welty prayed for a divorce on the grounds of cruel and inhuman treatment; division of the parties' property; to be named primary residential parent of the parties' child and for child support; and for alimony and attorney's fees. Mr. Welty filed a petition for specific visitation with the parties' child on October 27, 2006, asserting that he and Ms. Welty had been unable to agree to a visitation schedule. Following a hearing in December 2006, in January 2007 the trial court entered an order for specific visitation, awarding Mr. Welty supervised visitation pending "successful completion of Anger Management Classes." In October 2007, the trial court entered an order declaring the parties divorced pursuant to Tennessee Code Annotated § 36-4-129. In its order, the trial court ordered the parties to attend mediation or family counseling and awarded the parties equal parenting time with their minor child pending the recommendations of the mediator or counselor. It reserved all remaining issues.

In October 2008, Ms. Welty filed a motion to transfer the case to Gibson County, asserting that the only matters remaining before the court pertained to the custody and support of the minor child, and that neither of parties nor the child resided in Shelby County. In November 2008, Mr. Welty field a petition for contempt, asserting that the parties had attended mediation and had entered into a consent order on parenting time. Mr. Welty asserted that Ms. Welty was in contempt of the trial court's order and the consent order, and that Ms. Welty refused to continue to attend counseling as ordered by the court. Mr. Welty also filed a response to Ms. Welty's motion to transfer the case to Gibson County, asserting that matters other than child custody and support were pending before the trial court and that he remained a resident of Shelby County.

On March 25, 2009, the trial court entered an order denying Ms. Welty's motion to transfer the case. In its order, the trial court stated:

> IT FURTHER APPEARING TO THE COURT that the Defendant has sought an evidentiary hearing to present her proof [on whether Mr. Welty continued to reside in Shelby County], and that the Court is of the opinion that the matter can be decided from the evidence before the Court which has been submitted through the depositions and respective memoranda, thus an evidentiary hearing is unnecessary.

The trial court set May 7, 2009, as a hearing date for the parties to present all other petitions and motions, and ordered that "each party is to have parenting time with the minor child." Ms. Welty filed a notice of appeal to this Court on April 23, 2009.

On April 16, 2010, we issued an Order ordering Appellant Ms. Welty to show cause why the appeal should not be dismissed for failure to appeal a final judgment where the trial court had not adjudicated all the claims before it. Ms. Welty responded on April 27, 2010. In her response, Ms. Welty asserted that "[Tennessee Code Annotated] § 36-5-3003(b) mandates the transfer of child issues to a court of competent jurisdiction when the parents do not continue to reside in the county where the decree was entered and when the child resides in another county for at least six (6) months." She further asserted that "Rule 13(b) of the Tennessee Rules of Appellate Procedure is not

a 'rigid' subject matter jurisdiction rule and is more akin to a procedural rule." Ms. Welty argues, "[a]ssuming arguendo the Final Decree of Divorce of October 7, 2007 is not a final order, the statutory jurisdictional mandate of [Tennessee Code Annotated] § 36-5-3003(b) should override the procedural rule."

We must disagree. First, we observe that, although Tennessee Rules of Appellate Procedure 13(b) is discretionary with respect to our consideration of issues not presented for review by the parties, it is mandatory with respect to subject matter jurisdiction. Under Rule 13(b) we are required to first determine whether we have subject matter jurisdiction to adjudicate an appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. The subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs.*, 783 S.W.2d at 559. Accordingly, Ms. Welty's appeal is dismissed for failure to appeal a final order. Costs of this appeal are taxed to the Appellant, Kimberly Dawn Welty, and to her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE
